UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LARRY THORNTON INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PORTIA THORNTON, ESTATE OF KATELYN THORNTON, ESTATE OF BRITTANY THORNTON, JAKE THORNTON, LARRY THORNTON ON BEHALF OF SAMANTHA THORNTON** | * | **CIVIL ACTION NO. 12-2167** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **FORD MOTOR COMPANY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 8] filed by plaintiffs, Larry Thornton (individually and as representative of the estates of Portia Thornton, Katelyn Thornton, and Brittany Thornton); Larry Thornton on behalf of Samantha Thornton; and Jake Thornton. Removing defendant, Ford Motor Company, opposes remand.[1] For reasons stated below, the motion to remand is GRANTED.

**Background**

The instant suit is one of five that were filed between June 13 and 19, 2010, in the 5th

---

[1] As this motion is not one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Judicial District Court for the Parish of West Carroll, State of Louisiana, by, or on behalf of several occupants of a 2001 Ford E350 passenger van who suffered serious injury or death as a result of a June 22, 2011, (apparently single vehicle) accident on Louisiana Highway 587 in West Carroll Parish, Louisiana. In each suit, plaintiffs named as defendants the Estate of Joey William McKan (the deceased driver of the van); Automobile Club Inter-Insurance Exchange d/b/a "AAA Insurance Company" (incorrectly named in the petition as "AAA Insurance Company;" hereinafter, "ACIIE") (McKan's liability carrier); ABC Insurance Company (a fictitious entity); and Ford Motor Company ("Ford") (the van manufacturer). Plaintiffs contend that their personal injury, wrongful death, and/or survival action damages were caused by the negligence of McKan, and the unreasonably dangerous design, manufacture, assembly, marketing, and testing of the Ford van.

On August 13, 2012, defendant Ford removed four of the five cases to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).[2] Plaintiffs are Louisiana citizens. *Id*. Ford is a Delaware corporation, with its principal place of business in Michigan. *Id*. Ford contends that, for purposes of diversity and removal jurisdiction, it is the sole, properly named defendant in the case. It argues that because plaintiffs purportedly granted a "full and final release" to defendant, Joey William McKan, he no longer remains a party to the suit. *Id*. Ford further contends that AAA Insurance Company and ABC Insurance Company are fictitious parties whose presence may be disregarded for diversity and removal jurisdiction. *Id*.

---

[2] The removed cases include *Thornton v. Ford Motor Company*, Civil Action No. 12-2167 (W.D. La.); *Adams v. Ford Motor Company*, Civil Action No. 12-2168 (W.D. La.); *Wiltcher v. Ford Motor Co.*, Civil Action No. 12-2169 (W.D. La.); and *Goodwin v. Ford Motor Co.*, Civil Action No. 12-2170 (W.D. La.). Ford did not remove the fifth suit because that case included an additional defendant that Ford concedes rendered the case non-removable.

Plaintiffs take issue with Ford's assessment of their case, and filed the instant motion to remand on September 10, 2012, on the grounds that all defendants are not diverse from plaintiffs, and the failure of all properly served defendants to join in the removal. Specifically, plaintiffs argue that there is no diversity because under the diversity statute, McKan's liability carrier, ACIIE, is deemed a citizen of Louisiana – the state of its insured, McKan. *See* 28 U.S.C. § 1332(c)(1). Plaintiffs further contend that removal was procedurally defective because ACIIE did not join in or consent to removal. *See* 28 U.S.C. §§ 1446(b)(2)(A) and 1448.

Briefing is now complete; the matter is before the court.

## Law

### I. Diversity Jurisdiction and the Rule of Unanimity

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id*.

Defendant, Ford, invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between *all* plaintiffs and *all* defendants. 28 U.S.C. § 1332(a); *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990).[3]

---

[3] Although not at issue in the instant motion, it is facially apparent that the amount in controversy exceeded $75,000 at the time of removal.

Furthermore, it has long been the rule in the Fifth Circuit that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996) (citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Failure to do so renders the removal defective. *Getty Oil*, 841 F.2d at 1263. While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA") codified the foregoing jurisprudential rule, as follows, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

**II.     Improper Joinder/Nominal Party Exception**

A recognized, but "narrow exception" to the foregoing principles is that an improperly joined or nominal defendant need not be diverse from the plaintiffs for purposes of subject matter or removal jurisdiction. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). However, the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell, supra*.

In an early attempt to characterize a nominal party, the Fifth Circuit cited district court

4

decisions from Connecticut and Michigan which had defined a nominal party as either a mere depositary/stakeholder or an unnecessary or dispensable party. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970) (citations omitted). The Fifth Circuit later reaffirmed, however, that the "bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 872 (5th Cir. 1991); *see also Jett v. Zink*, 362 F.2d 723, 730 (5th Cir. 1966) (question is not whether the parties are indispensable, but whether they were improperly joined). This, of course, is a shorthand restatement of the Fifth Circuit's usual improper joinder standard: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

In this case, there are no allegations of actual fraud. Accordingly, the court must determine whether removing defendant has demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant(s), *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against it. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc).

<u>**Analysis**</u>

**I.      McKan's Estate is not a Proper Party Defendant**

Plaintiffs contend that the "Estate of Joey William McKan (Limited)," (hereinafter, "the Estate") is a non-diverse defendant that destroys jurisdiction. In contrast, Ford argues that

plaintiffs settled their claims against the Estate; thus, plaintiffs have no reasonable possibility of recovery against said defendant. According to plaintiffs' petition, however, they reserved their rights against "Joey William McKan and/or The Estate of Joey William McKan (hereinafter "McKan")] for any insured exposure or insured liability of said McKan, including but not limited to, any exposure or liability of said McKan covered by any policy of insurance issued by AAA Insurance Company." (Petition, ¶ 3). Thus, it is manifest that plaintiffs maintained their cause of action against the Estate for the insured portion of the Estate's liability. *See In re Combustion, Inc.*, 960 F. Supp. 1051, 1054 (W.D. La. 1997).

Nevertheless, and although not discussed by the parties, the court observes that under the pertinent provision of Rule 17(b) of the Federal Rules of Civil Procedure, capacity to sue or be sued is determined "by the law of the state where the court is located . . ." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, the proper party defendant in a suit against a succession is the succession representative, not the succession itself or the "estate." *State Through Dept. of Transp. & Dev. v. Estate of Davis*, 572 So. 2d 39, 42 (La. 1990) (citing, La. Code Civ.P. Art. 734; *Holland v. Unopened Succession of Holland*, 562 So.2d 1022 (La.App. 3d Cir. 1990)). Therefore, plaintiffs have no reasonable possibility of recovery against the Estate, and its presence must be disregarded for purposes of diversity. *Marcotte v. State Farm Mutual Automobile Insurance*, 1996 WL 169228 (E.D. La. April 10, 1996) (Vance, J.).

**II. Defendant ACIIE Destroys Diversity Jurisdiction**

The diversity statute provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State . . . of which the insured is a citizen . . ."

28 U.S.C. § 1332(c)(1)(A). Furthermore, Louisiana law provides a right of direct action against an insurer when, as here, the insured is deceased. La. R.S. 22:1269B(1)(f).

It is uncontroverted that on January 26, 2011, ACIIE issued an automobile liability insurance policy to Joey William McKan that was in effect on the date of the accident at issue. (Affidavit of Jim Barringer; M/Remand, Exh.). In addition, at all relevant times, ACIIE's insured, Joey William McKan, was a Louisiana domiciliary. *See* Affidavit of Robert Beard; M/Remand, Exh. Furthermore, because neither the insured nor his succession representative were properly joined in the suit,[4] ACIIE is deemed a citizen of Louisiana. 28 U.S.C. § 1332(c)(1)(A).

Although Ford concedes, at times in brief, that the petition states a claim against the "non-removing defendant,"[5] it nonetheless maintains that ACIIE should be disregarded for purposes of diversity and removal jurisdiction. Ford contends that plaintiffs failed to offer proof that they reserved their rights against ACIIE. This argument, however, overlooks the rule that, as the party invoking federal subject matter jurisdiction, Ford bears the burden to establish improper joinder.[6]

Ford further argues that ACIIE is a nominal party because it is a mere depository of the $30,000 insurance proceeds under the liability policy issued to McKan. As discussed above, however, neither McKan nor his estate are proper parties to this suit; thus, not only is ACIIE the

---

[4] *See* discussion, *supra* and *Marcotte, supra*.

[5] *See* Opp. Memo., pg. 6.

[6] Once plaintiffs have stated a claim against the non-diverse defendant, their "lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was [improperly] joined." *Travis*, 326 F.3d at 650-651.

sole source for the policy proceeds, it is a necessary party for recovering those funds.

In a last gasp effort to secure a federal forum, Ford argues that ACIIE is a nominal party essentially because the amount of the policy, $30,000, is insignificant in comparison to the amount of damages at issue in these four-plus, multi-plaintiff cases that entail serious injury and death. To support this novel argument, Ford cites to stray language from an Eastern District of Louisiana case, *Ambrose v. Taylor*, 2003 WL 21241807 (E.D. La. May 23, 2003) (Porteous, J.). While *Ambrose* does suggest that $10,000 in policy proceeds is a nominal sum when, as there, it represented less than one percent of possible damages, the court further held that there was no reasonable possibility that the $10,000 policy would be recovered because it was not apparent that plaintiff's damages would exceed $1,000,000 available under another policy, as needed to trigger the additional $10,000 policy. *See Ambrose, supra*. In short, in *Ambrose*, it was not the relatively insignificant amount of the $10,000 policy that rendered that insurer a nominal party, it was the fact that there was no reasonable basis to predict that plaintiffs would meet the condition precedent to entitle them to recover the otherwise minimal insurance proceeds. *Ambrose, supra*.[7]

Here, while the $30,000 may not go very far towards compensating the numerous plaintiffs in these several cases, this sum may prove plaintiffs' sole recovery for their damages if they are unsuccessful in their products liability claim against the van manufacturer. In sum, Ford has not established that ACIIE is a nominal or improperly joined defendant.

ACIIE's continued presence in this suit negates complete diversity between the parties as required to support subject matter jurisdiction. 28 U.S.C. § 1332. In addition, and somewhat

---

[7] In any event, *Ambrose* is not binding on this court.

superfluously, ACIIE's failure to join in or consent to removal constitutes a defect in the removal process that renders removal improvident. 28 U.S.C. § 1447(c). Either way, remand is required. *Id*.[8]

### Conclusion

For the above-assigned reasons,

The motion to remand [doc. # 8] filed by plaintiffs is hereby **GRANTED**. By separate judgment, the case shall be **REMANDED** to the Fifth Judicial District Court for the Parish of West Carroll, State of Louisiana.

THUS DONE AND SIGNED in chambers, this 19th day of November 2012, Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[8] All is not necessarily lost for the removing defendant. Upon remand, Ford may petition the state court to sever the claims against the non-diverse, non-consenting defendant(s). *See* discussion in *Shamieh v. American Interstate Ins. Co.*, Civil Action No. 06-0242 (W.D. La. 7/17/2006) (R&R [doc. # 221]).